JOHNSTON *et al. vs.* TALLEY *et al.*

Bank bills that ceased to circulate as currency prior to June 1st, 1865, came under the limitation act of 1869. That the bank surrendered its charter in 1877, and its assets were then put, by a court of equity, in the hands of a receiver, did not disengage the bills from the operation of said act. In distributing the assets between creditors and stockholders, the stockholders can insist on excluding the creditors as to all demands against the corporation which were barred by the statute of limitations prior to the surrender of the charter.

Statute of limitations. Bank-bills. Corporations. Stockholders. Before Judge TOMPKINS. Chatham Superior Court. October Term, 1878.

Johnston and others, stockholders in the Marine Bank of Georgia, filed their bill against Champion, the president, and others, the directors, setting up, in substance, that the bank had surrendered its charter to the state on the 29th of January, 1877, which surrender was duly accepted, February 20th, 1877; that at the time of the surrender the officers were in possession of undisposed of assets; that the bank had openly and notoriously ceased trading and banking before January 1st, 1865, and then its bills had ceased to circulate as money; that it had issued no more bills and had confined itself to realizing its assets, and redeeming its bills; that during the intermediate time between its suspension of business and the surrender of its charter, it had sustained its corporate existence, and filled the necessary offices in it for the purpose of realizing and liquidating. Prayer that a receiver might be appointed for the remaining assets of the bank, that they might be divided according to law, and that all outstanding bills should be decreed to be barred.

The officers of the bank answered, substantially admitting the case made by the bill, asking protection, and submitting to the decree of the court.

Subsequently claims were filed by McLean and Talley, setting up bills of the bank in their hands, and asking that they should be paid out of the assets. This demand had been anticipated by the allegation that all bills were barred by the statute of limitations.

Upon the trial of the issue made between the stockholders and the claimants, which was submitted to the court without a jury, the evidence sustained substantially the facts set up by the bill, but the court held that the assets were a trust to which the statute of limitations did not apply, and decreed payment of the bills, to which the complainants and defendants all excepted.

CHARLES N. WEST, for plaintiffs in error.

R. E. LESTER, for defendants.

BLECKLEY, Judge.

As to the bare question of the application of the limitation act of 1869, to bank-bills which ceased to circulate as currency prior to June 1st, 1865, this case is controlled by that in 49 *Ga.*, 419. Holders of the stagnant bills should have brought suit upon them by the first of January, 1870. The bank did not surrender its charter until 1877, so that the ordinary period allowed by the Code, §2917, for instituting actions on promissory notes, bills of exchange or other simple contracts in writing, had run out whilst the bank could have been sued, even after the time fixed by the act of 1869 expired. Thus there was a double bar. The remaining question is, whether the bar can be urged by the stockholders of the defunct institution in a contest with creditors over the assets. " Upon the dissolution of a corporation, for any cause, all of the property and assets of every description belonging to the corporation shall constitute a fund—first, for the payment of its debts, and then for equal distribution among its members. To this end the superior court of the county where such corporation was located, shall have power to appoint a receiver, under proper restrictions, properly to administer such assets under its direction." Code, §1688. The fund is first for the payment of debts, but the debts referred to are such as the corporation might be coerced to pay, were it still in existence. Its defenses to claims survived the corporate dissolution, just as the claims survived. The right of urging the defenses would pass to whomsoever would take the assets as the result of defending successfully, to creditors in competing among themselves, and to stockholders in competing with creditors. This seems to us to be the reason of the matter; and the reason of it is the law of it, there being no other authority on the subject that we are aware of.

Cited for plaintiff in error: 49 *Ga.*, 421; 30 *Ib.*, 770; 2 Otto, 156; acts of 1869, p. 134; Code, §2922; 15 Ves. R., 496; 7 Metc. R., 352; 2 Ves. & B. R., 275; Ang. Lim., 233; 30 *Ga.*, 774; 7 *Ib.*, 159.

Judgment reversed.