## Samuel T. White v. Frank R. Meadowcroft and Charles J. Meadowcroft.

1. BANKS AND BANKING—*Effect of Suspending Payment—Waiver of Demand.*—When a banker suspends business, closes his doors against depositors and creditors and discontinues banking operations, he waives the necessity for a demand upon him on the part of his creditors or depositors.

2. SAME—*Waiver of Notice and Demand.*—Where a bank discontinues business it waives the necessity for a notice or demand by a depositor before suing for his money.

3. BANKS—*Effect of Ceasing to do Business.*—By closing its doors and ceasing to do a banking business, a bank, in effect, says that it will not pay.

4. LIMITATIONS—*Effect of the Appointment of a Receiver upon the Statute.*—In general, it is the rule that the appointment of a receiver does not in any way affect the running of the statute of limitations.

5. SAME—*Payment by a Receiver.*—A payment by a receiver is not to be regarded as a payment by the debtor to the extent of being an acknowledgment of the indebtedness so as to take the case out of the statute of limitations.

Assumpsit, for money deposited.  Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding.  Heard in this court at the March term, 1900.  Affirmed.  Opinion filed October 4, 1900.

**Statement.**—Appellant brought suit in assumpsit in the Superior Court to recover from appellees certain money deposited in their bank, to which the plea of the statute of limitations of five years was interposed as a defense, as well as the general issue.  Plaintiff replied to the plea of the statute, taking issue thereon, in which he alleges that the several causes of action in the declaration mentioned did accrue to the plaintiff within five years next before the commencement of this suit, etc.  The jury was waived and the cause submitted to the court for trial, which resulted in a finding by the court in favor of the appellees, upon which judgment was rendered, from which this appeal is taken.

M. L. RAFTREE, attorney for appellant.

GEORGE N. MORGAN & BRO., attorneys for appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant makes two contentions on which he claims the judgment should be reversed, viz.: First, that the statute of limitations did not begin to run until demand was made for the payment of the deposit in question; and, second, that even if the statute did begin to run, the appointment of a receiver for the defendants stopped its running.

The cause was tried upon an agreed statement of facts, from which it appears that for a long time prior to June 3, 1893, defendants had been in the banking business as co-partners under the firm name of Meadowcroft Bros.; that prior to that date the plaintiff had been a customer and a depositor in the bank, and on the same date had on deposit with the bank $3,680.89; that on said June 3d, upon a bill filed by one of the defendants alleging the insolvency of the firm, a receiver was appointed to take possession of its assets and wind up its business, and the other defendant entered his appearance, admitted the allegations of the bill, and consented to the appointment of the receiver; that the bank was open for business on said June 3d, and plaintiff made a deposit therein that day; that the bill was filed after the close of business, and a receiver was appointed, who qualified and took possession of the bank and all its effects, and the receiver has ever since been acting as such, the bank not having again opened for business; that plaintiff made proof of his claim with the receiver, and the latter paid a dividend thereon February 1, 1895, amounting to $182.13. No other evidence, material to be considered, was before the court.

The plaintiff's action accrued June 3, 1893, and from that date the statute of limitations began to run. Meadowcroft v. People, 163 Ill. 82, and cases cited; Arnold v. Hart, 75 Ill. App. 171, and cases cited; affirmed in the Supreme Court, 176 Ill. 446.

In the Meadowcroft case, *supra*, which was a prosecution against these same defendants under an indictment based on the statute making the receipt of deposits by a

banker when insolvent embezzlement, it was claimed that the People failed to make a case, because it was not shown that the prosecuting witness ever made demand for the return of his deposit, and that the defendants refused to comply with such demand. The court say:

"When a bank or banker suspends payment and closes the doors against depositors and creditors, and discontinues banking operations, it or he waives the necessity for a demand on the part of it or his depositors."

In Davis v. Industrial Mfg. Co., 19 S. E. Rep. 371, where a deposit, by contract, was not payable until after thirty days' notice, it was held it became due *eo instanti*, when the bank closed its doors.

In the Arnold case, *supra*, where a deposit was payable after sixty days' notice, this court said :

"When the bank failed and went into the hands of an assignee, its business was at an end, and what the depositor and the bank had in contemplation at the time the account was opened had passed away when the bank had closed its doors—was no longer in business. When it discontinued the banking business it waived the necessity for a notice or demand by the depositor before he became entitled to sue for his money. By closing its doors and ceasing the banking business, it said, in effect, that it would not pay. The law does not require a vain or fruitless thing to be done."

In affirming this same case, the Supreme Court say :

"By closing the doors of the bank and proclaiming its financial inability to continue operations, they thereby waive the right to insist upon a demand." 176 Ill. 446.

The plaintiff's cause of action, therefore, having accrued June 3, 1893, and this suit having been brought on August 8, 1899, the plaintiff failed to prove the allegation of his replication, to wit, that the several causes of action mentioned in the declaration did accrue to the plaintiff within five years next before the commencement of the suit, and therefore the plaintiff's proof was insufficient to overcome the plea of the statute. We think that the case relied on by appellant in this regard, Leather, etc., Bank, v. Merchants Bk., 128 U. S. 26, is not in point, since it is clear

here that plaintiff's cause of action accrued when the bank closed its doors and the receiver was appointed.

We think that the second point, viz., that the appointment of the receiver stopped the running of the statute, is not well taken. In High on Receivers, Sec. 135, the author in discussing the effect of the appointment of a receiver, says :

" It would seem that the appointment of a receiver does not so alter the possession of the estate in the person who is ultimately found to have been entitled thereto at the time of such appointment, as to prevent the statute of limitations from running during the dispute as to the right."

In Beach on Receivers, the author says (Sec. 220), " In general it is the rule that the appointment of a receiver does not in any way affect the running of the statute," though he says that in chancery the receiver is to be regarded as a trustee for the parties in interest, and in that court the statute will not run in favor of the trustee.

In the case of Jackson v. Lahee, 114 Ill. 287-95, where the court had under consideration the question of the right of a creditor to obtain a preference over other creditors as to assets in the hands of a receiver of a partnership, it was held that while a creditor could not obtain such a preference, he was not bound to wait until the equities between the parties could be adjusted, but that he might proceed at law to place his claim in judgment.

The court say :

" The assets in such cases are treated as still belonging to the firm, and the creditors may proceed in any way that may lawfully be done to acquire a lien."

To the same effect are 20th American & Eng. Ency. of Law, 136, and notes; Kyme v. Dignan, 4 Ir. Eq. 562; Harrison v. Dignan, 1st Con. & Law (Ir. Chan.) 376.

In this connection appellant relies upon the cases of Re Est. of Leiman, 32 Md. 225, and Kirkpatrick v. McElroy, 41 N. J. Eq. 539. We think the cases are not in point, as they simply decide that the receiver or one holding under him can not invoke the statute against the creditor in equity,

and because in those States the creditor can not pursue the debtor at law.

As we have seen, it being held that the appointment of a receiver in no way affects the right of a creditor to pursue his debtor, the debtor may invoke the statute of limitations against his creditor.

The point is not argued by appellant, though suggested, that the statute would run only from the time of the payment made February 1, 1895, by the receiver, but we think this can not avail appellant for two reasons; first, because the bill of exceptions shows that the cause was tried upon the pleadings as well as the admitted statement of facts, and the plaintiff's pleadings do not set up the payment so as to avoid the running of the statute; and second, the payment by the receiver can not be regarded as a payment made by the debtor to the extent of being an acknowledgment of the indebtedness, so as to take the case out of the statute of limitations, since such payment is made by the receiver in his official capacity as an officer of the court." High on Receivers, Sec. 184.

The case cited by the author sustains the text. To the same effect is Beach on Receivers, Secs. 220 and 287.

The judgment of the Superior Court is therefore affirmed.