### Geddes-Brown Shoe Company, Appellant, v. Henry C. Suttle, Assignee, Appellee.

1. STATUTE OF LIMITATIONS—*what does not toll running of.* A voluntary assignment for the benefit of creditors and the appointment of an assignee does not toll the running of the Statute of Limitations against an open account.

2. VOLUNTARY ASSIGNMENTS—*when objections to report of assignee properly stricken.* Objections to the report of an assignee

interposed by a creditor whose claim is outlawed are properly stricken from the files.

Objections to assignee's report. Appeal from the County Court of De Witt County; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

MONSON & GRAY, for appellant.

E. J. SWEENEY and L. O. WILLIAMS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from the order of the County Court refusing to strike from the files the objections of appellant to the report of appellee as assignee of one Glazebrook, who made a voluntary assignment to appellee under the statute, for the benefit of his creditors, on February 8, 1898. On August 29, 1898, appellee filed in the County Court a report of claims filed against his insolvent, among which appeared that of appellant, in the sum of $170.70, but upon which he reported that according to the insolvent's books there should be allowed a credit of $169.79. On September 5, 1907, appellant filed a petition asking that appellee be cited to report his acts and doings as such assignee. Pursuant thereto, on January 3, 1908, he filed his report showing that he had paid claims slightly in excess of the proceeds of the assets coming into his hands, but that he had paid nothing upon the claim of appellant. Appellant filed objections to said report, alleging that the same was neither full, true nor correct; that credit was taken for claims paid which had never been filed, and that others were paid without authority of law or order of court. The objections, upon motion of appellee, were stricken from the files, for the reason among others, that the claim of appellant was barred by the Statute of Limitations. Such ruling of the court was proper. The Statute of Limitations began to run against appellant's claim prior

to the assignment by Glazebrook. The last item of the account bears date October 21, 1897, while the assignment was not made until February, 1898. The appointment of an assignee did not affect the running of the statute. White v. Meadowcroft, 91 Ill. App. 293; High on Receivers, Sec. 135. The account was therefore outlawed on October 21, 1902. The contention of appellant that the statute did not run because the relation of trustee and *cestui que trust* existed between the parties, is untenable. A trust to be exempt from the Statute of Limitations must be a direct trust. It must be exclusively within the jurisdiction of a court of equity and the question touching it must arise between the trustee and the *cestui que trust*. Beers v. Myers, 28 Ill. App. 653; Hayward v. Gunn, 82 Ill. 385. A county court is not by the Voluntary Assignment Act vested with general chancery powers and jurisdiction (Preston v. Spaulding, 120 Ill. 209), nor can the claim be said to have been exclusively within the jurisdiction of the County Court. Appellant could have maintained an action at law against Glazebrook at any time prior to the outlawry of the claim.

The judgment of the County Court was warranted and is affirmed.

*Affirmed.*