CAIN *v.* SEABOARD AIR-LINE RAILWAY.

The general rule is that the mere appointment of a receiver does not in any way affect the running of the statute of limitations.
(a) The facts presented by the petition here bring the case within the general rule, and show that the cause of action was barred by the statute of limitations, and that therefore the petition was properly dismissed on demurrer.

APRIL 12, 1912.

Action for damages.  Before Judge Worrill.  Terrell superior court.  March 28, 1911.

*Calhoun & Rambo* and *W. H. Gurr,* for plaintiff.

*E. A. Hawkins* and *M. J. Yeomans,* for defendant.

FISH, C. J. The only question presented for adjudication in this case is whether the trial judge properly sustained the demurrer to the petition upon the ground that it appeared therefrom that the action was barred when the petition was filed. The petition showed the following facts: The defendant company, the Seaboard Air-Line Railway, was a foreign corporation chartered under the laws of the State of Virginia. Defendant transacted business and had an office and agent in the county in this State, wherein the action was brought, on and from March 25, 1907, to January 2, 1908. On March 25, 1907, the plaintiff, while a passenger on defendant's line of road, received serious bodily injuries at a designated place in the State of Florida, as set forth, by the alleged negligence of the defendant in the operation of its train upon which the plaintiff was a passenger. On January 2, 1908, "in a suit wherein the said defendant brought its complaint against the Continental Trust Company, as trustees under the first mortgage made by the Seaboard Air-Line Railway," in the "United States court for the eastern district of Virginia," the defendant corporation was placed in the hands of two receivers, one resident in Baltimore, Maryland, the other in Richmond, Virginia. The petition alleged: "That as a result of said complaint brought by the said defendant against the said Continental Trust Company, trustees as aforesaid, the aforesaid receivers were appointed to take charge of all the property and business of the Seaboard Air-Line Railway, including all the property and business of defendant in both the States of Georgia and Florida, and as a result of the order of the United States court for the eastern district of Virginia, wherein the said receivers were appointed by said court, all the agents of defendant ceased to represent the defendant any longer, and all of the property and business of defendant were placed in charge of said receivers; so that there was no person in the State of Georgia, nor in the State of Florida, upon whom service of this suit could be perfected, and there was no property of defendant against which attachment proceedings could be enforced against defendant either in the State of Georgia or in the State of Florida." The receivers continued in the possession of all the property belonging to the defendant corporation, and operated its business until on or about

November 15, 1909. The particulars of the suit in which the receivers were appointed were not set forth; nor did it appear from the petition whether persons holding claims against the corporation were enjoined; nor was it alleged how the receivership was terminated, nor what disposition was made by the receivers of the property of the corporation that went into their hands, nor how or under what conditions the corporation resumed possession of its property and the operation of its line of road. This action was brought in the superior court of Terrell county, April 29, 1910.

Under the Civil Code, § 4497, actions for bodily injuries must be brought within two years after the right of action accrues. More than two years had expired from the time the plaintiff was injured by the alleged negligence of the defendant corporation, before he instituted his action. His cause of action was therefore barred, unless the statute of limitations was suspended during the time the assets and business of the corporation were in the hands of the receivers,—that is, from January 2, 1908, to November 15, 1909. In passing upon the question as to whether the statute of limitations was suspended during the receivership, Civil Code, § 2788, is not to be considered; as that section, providing for suits against receivers, is confined to actions for injuries and damages to persons in their employ, and to injuries and damages to personal property occurring during the receivership. Nor did the case fall within the provisions of the act of Congress allowing receivers appointed by Federal courts to be sued, without an order from the court appointing them, for the acts of such receivers during the receivership. The general rule seems to be well settled that the mere appointment of a receiver does not in any way affect the running of the statute of limitations. 25 Cyc. 1282; High on Receivers (4th ed.), § 184; Kerr on Receivers, 160-161; Beach on Receivers, § 234; Harrison v. Dignau, 1 Connor & Lawson, 376; White v. Meadowcraft, 91 Ill. App. 293; Williams v. Taylor, 99 Md. 306 (57 Atl. 641). There are exceptions to this general rule; as, where an equitable suit is filed by one or more creditors and others who may come in, the statute of limitations will not run against any of the creditors who may come in. Sterndale v. Hankinson, 1 Simon's Rep. 393. So, "Creditors are never barred by lapse of time whilst the law itself hinders them from proceeding." *Hart* v. *Evans,* 80 *Ga.* 330 (5 S. E. 99). And, "a disability [to sue] 'happening by an invincible

necessity' constitutes an exception from a statute of limitations, and is to be taken to have the same effect as those disabilities which are expressly excepted from the statute." Hill *v.* Phillips, 14 R. I. 93; 19 A. & E. Enc. Law, 215. The case in hand is not shown by the petition to come within any of such exceptions. In *Verdery* v. *Savannah etc. Ry. Co.,* 82 *Ga.* 675 (? S. E. 1133), it was held: "Whilst realty of which a debtor has had adverse and continuous possession under written color of title is in the hands of a receiver appointed by a court of equity at the instance of creditors, the statute of prescription continues to run in favor of such debtor's title against strangers to the pending litigation. The possession of the receiver may be tacked to that of the debtor, and to that of the purchaser of the premises at a sale under a decree in the cause, to make out the full period of the prescriptive term." In the opinion delivered by Chief Justice Bleckley, 82 *Ga.* beginning on page 683 (9 S. E. 1134), it is said: "It may safely be affirmed that the property of a debtor in the hands of a receiver, for the purpose of being appropriated for the mutual benefit of the debtor and his creditors, is held by the receiver as a successor of the debtor, if not as a *quasi* agent for him. As against strangers to the suit such holding is no breach of continuity. The statute of limitations (or of prescription) in favor of the debtor's inchoate prescriptive title is not suspended, but continues to run pending the receiver's possession. Kerr on Receivers, 160-1; Beach on Receivers, §§ 1, 219, 220; High on Receivers, §§ 135, 184, 556. There is nothing in our statutes indicative of a purpose by the legislature to stop the running of prescription because a court has possession by its receiver; and certainly there is no necessity for treating the period of such possession as an implied exception, for a stranger who claims the property is not without a remedy. On the contrary he has two remedies, one of which is discretionary with the court whose receiver has possession. The other is matter of right in all cases. By petition *pro interesse suo,* the claimant to the property held by a receiver is entitled always to a hearing, should the court in its discretion think proper to deny him leave to bring a separate action in his own behalf. 2 Story, Eq. 833a; 3 Daniel, Chan. Pr. *1744; Beach on Receivers, § 654; High on Receivers, § 139. The reluctance of courts to engraft exceptions upon statutes of limitations is everywhere apparent." In this connection, see *Weaver* v.

*Davis, 2 Ga. App.* 455 (58 S. E. 786). As it was held in *Verdery* v. *Savannah etc. Co.,* supra, that the statute of limitations (or of prescription) in favor of the debtor's inchoate prescriptive title was not suspended, but continued to run pending the receiver's possession, as against strangers to the pending litigation, we think it should follow that in the case at bar the statute of limitations was not suspended but continued to run in favor of the defendant railway company, and against the plaintiff, who, in so far as the petition shows to the contrary, was a stranger to the suit in which the receivers were appointed. Counsel for plaintiff in error, who was the plaintiff below, contends that the allegations of the petition show that the defendant railway company was forced to leave this State by reason of the appointment of foreign receivers, by the Federal court in the State of Virginia, for all of the property of the defendant company, and that such receivers removed the agents of the railway company in Georgia and Florida and placed their own agents in charge of the company's business, and that therefore the case comes within the provisions of the Civil Code, § 4378, relating to an exception to the running of the statute of limitations, viz.: "If the defendant, in any of the cases herein named, shall remove from this State, the time of his absence from the State, and until he returns to reside, shall not be counted or estimated in his favor." We can not, however, concede the soundness of such contention. The Seaboard Air-Line Railway was a foreign corporation, and, though made subject to be sued in this State by our statute, its legal domicile was never here, and therefore it never removed either voluntarily or involuntarily from this State and returned to reside here, in the meaning of the section quoted. In *Edwards* v. *Ross,* 58 *Ga.* 147, it was held: "In the limitation laws of Georgia, there is no saving in favor of a creditor because of the absence or non-residence of his debtor, if the debtor never resided here"—citing *Bishop* v. *Sanford,* 15 *Ga.* 1; *Pare* v. *Mahone,* 32 *Ga.* 253; *Moore* v. *Carroll,* 54 *Ga.* 126. These decisions relate to the provisions of our statute now embodied in the code section above cited.

A body corporate is not extinguished by a mere appointment of a receiver. *Hollifield* v. *Wrightsville & Tennille R. Co.,* 99 *Ga.* 365 (27 S. E. 715). And no reason occurs to us why the plaintiff in this case could not have brought his action against the railway company in the proper court of its domicile pending the receiver-

ship; nor is any reason shown why he may not have been allowed to intervene in the action under which the receivers were appointed.

From what we have said, we have confidently reached the conclusion that the mere appointment of foreign receivers for the railway company for the property of such company, by a foreign court, did not suspend the running of the statute of limitations in favor of the defendant, and that therefore the trial judge properly dismissed the petition on demurrer.

*Judgment affirmed. All the Justices concur.*