## GULF REFINING CO. v. WILLIAMS.

### No. 4129.

Court of Civil Appeals of Texas. Texarkana. Jan. 27, 1932.

Rehearing Denied Feb. 11, 1932.

Stone, Strickland & Caves, of Henderson, and John E. Green, Jr., of Houston, for appellant.

Carney & Carney, of Atlanta, for appellee.

LEVY, J. (after stating the case as above).

Appellant presents the points on appeal as legal error that (1) the suit was upon a cause of action entirely against another and different corporation, and (2) the Workman's Compensation Law of Louisiana (Act La. No. 20 of 1914 as amended) cannot be enforced in the courts of Texas. It is believed the evidence is not of weight and sufficiency to warrant a cause of action or of liability against the Gulf Refining Company. We therefore conclude that the judgment should be reversed and judgment here rendered in favor of the appellant. The burden of proof was upon the appellee to establish identity of the corporation liable. The Gulf Refining Company was chartered under the laws of a different state from the Gulf Refining Company of Louisiana, and they were legally distinct and separate companies. The evidence affirmatively shows that the appellee was injured in his employment in the course of the business of his employer, the Gulf Refining Company of Louisiana. He was not employed by the Gulf Refining Company and that company was not his employer, and that company had not extended its operations to Louisiana. The evidence of the appellee is not inconsistent with the other evidence and circumstances when construed in the light of all the evidence. The company that was operating "on the Whemple Lease" was conclusively identified as the Gulf Refining Company of Louisiana. The written contract of employment of appellee was executed by the "Gulf Refining Company of Louisiana." Although the pay checks were issued at "Houston, Texas," yet they were signed by the "Gulf Refining Company of Louisiana" and payable by the bank at "Shreveport, Louisiana." The Gulf Refining Company of Louisiana was the corporation shown to have complied with the Workman's Compensation Law of Louisiana. See Missouri, K. & T. Ry. Co. v. Graham, 12 Tex. Civ. App. 54, 33 S. W. 576; Proctor v. Wells Bros. Co., 262 Ill. 77, 104 N. E. 186, Ann. Cas. 1915B, 273.

As ruled in the case of Proctor, supra, a general denial was a sufficient plea to raise the question of nonliability, as here presented, arising under the evidence offered in the trial.

The ruling upon the first point renders a ruling upon the second point entirely unnecessary.

The judgment is reversed and rendered for appellant.