D. W. Bates, Superintendent of Banking, Appellant, v. Oxford Junction Savings Bank of Oxford Junction, Defendant; Rosa Wosoba, Appellee.

No. 43379.

June 19, 1936.

Rehearing Denied September 25, 1936.

C. J. Cash, and J. C. France, for appellant.

J. E. Remley, and C. F. Shimanek, for appellee.

Hamilton, J.—This is an action to recover a 100 per cent stock assessment against the defendant, Rosa Wosoba. The defense was a general denial; plea of misjoinder of causes of action and parties; that plaintiff had no legal right to maintain the suit; that plaintiff had no authority granted by the court to maintain the suit; that there had been no transfer of the stock on the stock books of the corporation; that the stock did not belong to the defendant, but belonged to the estate of her de-

ceased husband; plea of estoppel; and that the defendant was not made party to any suit establishing an assessment on the stock. The trial court found for the defendant and dismissed plaintiff's petition, and rendered judgment against plaintiff for costs.

At the threshold of this controversy we are met with a motion to dismiss the appeal, based on the ground that the plaintiff in the case tried in the lower court was D. W. Bates, superintendent of banking of the state of Iowa, and the defendants were Oxford Junction Savings Bank of Oxford Junction, Iowa, and Rosa Wosoba, and the case was so docketed in this court, whereas the notice of appeal whereby this court acquired jurisdiction, if it has jurisdiction, was entitled "D. W. Bates, Superintendent of Banking of the State of Iowa, as Receiver of the Oxford Junction Savings Bank, Plaintiff, v. Oxford Junction Savings Bank of Oxford Junction, Iowa, and Rosa Wosoba, Defendants." The notice of appeal recites that "D. W. Bates, Superintendent of Banking of the State of Iowa, as Receiver of the Oxford Junction Savings Bank, Plaintiff, has appealed from the judgment of the district court aforesaid rendered against the *plaintiff* in above entitled cause on the 29th day of April A. D., 1935," etc. The original papers have been certified, and we find an original notice for the March term, 1934, of the district court of Jones county, Iowa, entitled, "D. W. Bates, Superintendent of Banking of the State of Iowa, as Receiver of the Oxford Junction Savings Bank of Oxford Junction, Iowa, Plaintiff, v. Oxford Junction Savings Bank of Oxford Junction, Iowa, and Rosa Wosoba, Defendants." This notice was served upon Rosa Wosoba on the 13th day of February, 1934, and required the defendant to appear thereto and defend on or before noon of the second day of the next March term of said court commencing on the 5th day of March, 1934. The notice was properly entitled and was in due form and properly served. It is the contention of appellee that no petition was ever filed in response to this notice, and upon examination of the record we find that the only petition filed was entitled "D. W. Bates, Superintendent of Banking of the State of Iowa, Plaintiff, v. Oxford Junction Savings Bank of Oxford Junction, Iowa, and Rosa Wosoba, Defendants, In Equity, No. 10817, Petition in Equity." Petition recites: "Comes now the *plaintiff* and for cause of action against the defendants, Rosa Wosoba, states."

Then follows the usual and ordinary allegations with reference to the insolvency of the bank; the necessity for a stock assessment of 100 per cent. against the stockholders. In the last paragraph of the petition, prior to the prayer, we find this statement: "This *plaintiff* has reported herein that a stock assessment against all stockholders of said bank is absolutely necessary and essential for the purpose of aiding in the payment of depositors and creditors of said bank, and that said action should be started immediately by *this plaintiff* against the said Rosa Wosoba and any other stockholders," etc. "And that this court has entered an order authorizing *this plaintiff* to commence said action" * * * "Wherefore the *plaintiff* demands judgment," etc. And this petition is signed by C. J. Cash, attorney for *plaintiff*. Petition is sworn to by said C. J. Cash, and in the affidavit he states: "I am the attorney for *D. W. Bates, as Receiver* of the Oxford Junction Savings Bank of Oxford Junction, Iowa, the *plaintiff* in the foregoing petition," etc. There are also other references in the petition to the plaintiff as receiver, successor to L. A. Andrew, superintendent of banking of the state of Iowa, said L. A. Andrew, superintendent of banking of the state of Iowa, being the plaintiff in the original suit brought against the Oxford Junction Savings Bank of Oxford Junction, Iowa, and the officers of said bank, asking for the appointment of himself· as receiver. The number of that case was 10817, which is the same number that appears on the aforesaid petition in equity above referred to. The order of the court dismissing the action and rendering judgment bears the same number, and recites: "The court finds that the equities are with the defendant, Rosa Wosoba and against the *plaintiff*. It is therefore ordered that *plaintiff's* petition be dismissed as to the defendant, Rosa Wosoba at *plaintiff's* costs. Judgment accordingly. To all of which *plaintiff* excepts."

There was no other plaintiff except D. W. Bates, superintendent of banking of the state of Iowa. Therefore, this judgment could be nothing more nor less than a judgment against D. W. Bates, superintendent of banking of the state of Iowa. There was no judgment rendered against D. W. Bates, superintendent of banking of the state of Iowa, *receiver* of the Oxford Junction Savings Bank of Oxford Junction, Iowa. The only person who has served notice of appeal is D. W. Bates, superintendent of banking of the state of Iowa, *as receiver* of the

Oxford Junction Savings Bank of Oxford Junction, Iowa, and in this notice he states that he appeals from the judgment of the district court rendered against "the plaintiff in the above entitled cause on the 29th day of April, A. D., 1935." D. W. Bates, *superintendent of banking* of the state of Iowa is one person, and D. W. Bates, superintendent of banking of the state of Iowa, *receiver of the Oxford Junction Savings Bank,* is another person. In his capacity as superintendent of banking, he had no standing in court to sue the stockholders to collect the super-added 100 per cent. assessment upon stock. Under the statute, this action must be brought by the receiver, or by a creditor. Section 9253, Code 1935. In the petition, which is the only basis for the suit against the defendant, Rosa Wosoba, the only plaintiff named in the caption was *D. W. Bates, superintendent of banking* of the state of Iowa. In the prayer he prays for judgment in the name of plaintiff, not as receiver. Judgment was rendered against the plaintiff, D. W. Bates, superintendent of banking of the state of Iowa, not against the receiver. There was no judgment rendered against the receiver. No petition was ever filed in which the receiver was named as plaintiff. D. W. Bates, superintendent of banking of the state of Iowa, has served no notice of appeal. There has been no notice of appeal served in an action entitled D. W. Bates, superintendent of banking of the state of Iowa v. Oxford Junction Savings Bank of Oxford Junction, Iowa, and Rosa Wosoba, defendants. The notice of appeal is served in an action entitled D. W. Bates, superintendent of banking of the state of Iowa, *as receiver,* etc.

Motion was made prior to the filing of answer in the court below to dismiss this action because the plaintiff as superintendent of banking had no authority to bring and maintain this suit. This motion should have been sustained. Appellant insists that he has a right to bring the action against the stockholders in the original case in which the receiver was appointed, and is not required to docket a new and independent case. Even if this be true, a matter which we do not determine, that does not solve the question. In any event, the action against the stockholders under the statute must be brought by the receiver and whether he dockets it as an independent suit in equity, or whether he files his petition in the original action and has the same carried under the same number, the plaintiff in the stock assessment suit

necessarily *must be the receiver* and *not* the *superintendent of banking.* There is no escape from this. Had the prayer in the petition been for judgment in favor of the *receiver* against the defendant, we might be able to overlook the mistake in the caption, but when the caption is plain and unequivocal and the petition starts out, "Comes now the *plaintiff*" and the prayer is for judgment for the *"plaintiff"* and the judgment is against the *"plaintiff,"* we are compelled to look to the caption to ascertain who is the person referred to by the use of the term *"plaintiff."* It did not cure the evil by putting the number, 10817, on the papers. Appeal dismissed.

DONEGAN, C. J., and PARSONS, RICHARDS, KINTZINGER, and ALBERT, JJ., concur.