C. H. ROHRIG, Appellant, v. F. R. WHITNEY, Appellee.

No. 46398.

FEBRUARY 8, 1944.

436

C. H. Rohrig, of Cedar Rapids, pro se.

Fisher & Fisher, of Cedar Rapids, for appellee.

WENNERSTRUM, J.—The defendant in this action on March 16, 1927, signed a demand note made payable to the Iowa State Savings Bank, of Cedar Rapids, Iowa. On November 14, 1934, the bank was placed in receivership and defendant's note was thereafter held as a part of the assets. It was held by the receiver until sold to the plaintiff on June 16, 1942. On July 8, 1943, the plaintiff brought an action on this promissory note. The defendant filed a motion to dismiss (Rules 67, 104(b), and 111, Iowa Rules of Civil Procedure), and affirmatively pleaded that the plaintiff's cause of action was barred by the statute of limitations of the state of Iowa. Section 11007 (6), 1939 Code of Iowa. The trial court sustained the motion on August 2, 1943. The plaintiff excepted to this ruling, elected to stand thereon, and refused to plead further. Judgment was thereafter rendered against the plaintiff and he has appealed.

It is the appellant's contention that during the seven years and seven months that the note was held by the superintendent of banking, who had been named as receiver for the bank that had previously held the note, the statute of limitations was suspended. This is the sole question involved in this appeal. The trial court held against the contention of the appellant. We hold that the trial court was correct in its ruling.

I. A note payable on demand is payable upon the date of its execution and is barred by the statute of limitations in ten years. Citizens Bank v. Taylor, 201 Iowa 499, 501, 207 N. W. 570, and cases cited; In re Estate of Fuller, 228 Iowa 566, 569, 293 N. W. 55. The note sued on was a demand note and if the statute of limitations was not extended by reason of the conten-

tion of the appellant the note became barred on March 16, 1937.

II. It is the contention of the appellant that during the time the note was held by the receiver it was under the control of the superintendent of banking and by reason of his official capacity the statute was tolled. We have held that the superintendent of banking is a state officer. In re Receivership City-Commercial Savings Bank, 210 Iowa 581, 583, 231 N. W. 342. See, also, sections 9130, 9131, 1939 Code of Iowa. Section 9239 of the 1939 Code of Iowa provides for the appointment by the district court, or a judge thereof, in which district an insolvent bank is located, of the superintendent of banking as receiver of such a bank and that its affairs "shall thereafter be under the direction of the court * * *." Section 9242 of the 1939 Code of Iowa further provides that the superintendent of banking "* * * shall be the sole and only receiver or liquidating officer for state incorporated banks and trust companies * * *." The question is then presented whether or not the statute of limitations will run against the superintendent of banking who acts as receiver of a bank. It is our conclusion, under the facts as pleaded, that the statute would run against the superintendent of banking, even if we did not consider that he was acting as receiver. The pleadings show that he was acting in a representative capacity. In the case of Payette v. Marshall County, 180 Iowa 660, 663, 163 N. W. 592, 593, we said:

"The state's interest, if any, is merely nominal, and it is settled in this jurisdiction that, where the state stands in a merely representative capacity and not in the exercise of its sovereignty, its exemption from the statute of limitations is not effectual. State v. Henderson, 40 Iowa 242."

See, also, City of Burlington v. Burlington & M. R. R. Co., 41 Iowa 134, 141; Great Western Ins. Co. v. Saunders, 223 Iowa 926, 930, 274 N. W. 28; City of Waterloo v. Union Mill Co., 72 Iowa 437, 439, 34 N. W. 197.

Even if we were to hold, which we do not, that the statute of limitations does not run against the superintendent of banking in his official capacity, under the pleaded facts, we have heretofore held that the superintendent of banking in such official capacity, and the superintendent of banking, as receiver, under

appointment of court, are two separate parties. Bates v. Niles & Watters Sav. Bk., 226 Iowa 1077, 1079, 1080, 285 N. W. 626; Bates v. Oxford Junction Sav. Bk., 221 Iowa 814, 817, 267 N. W. 677.

III. Our attention has not been called to any statutory exception in the Iowa Code that would toll the statute of limitations during the time a claim is held in receivership, and in our independent research we have not found any such holding. This court has previously held that where no exception or exemption is found in the statute no such exemption or extension exists.

In the case of Collier v. Smaltz, 149 Iowa 230, 235, 128 N. W. 396, 398, Ann. Cas. 1912C, 1007 [error dismissed 223 U. S. 710, 32 S. Ct. 519, 56 L. Ed. 624], in commenting upon the question as to whether or not a statute of limitations was tolled during the period an individual was insane, we said:

"As to whether he was insane at the time of and for several years subsequent to his wife's death the evidence is in sharp conflict, but, conceding him to have been insane during this period, it does not follow that the statute was tolled by reason of such disability. The act contains no exemption in favor of insane persons, and it is elementary that, save when otherwise provided by the Legislature, no such exemption exists. Vance v. Vance, 108 U. S. 514 (2 Sup. Ct. 854, 27 L. Ed. 808) ; Campbell v. Long, 20 Iowa, 387; Shorick v. Bruce, 21 Iowa, 307."

In the case of Boyle v. Boyle, 126 Iowa 167, 168, 101 N. W. 748, 3 Ann. Cas. 575, we said:

"No exception is made in favor of a creditor laboring under disability, and, in the absence thereof, courts generally hold that none exists." (Citing cases.)

In 34 Am. Jur., Limitation of Actions, 153, section 189, it is stated:

"The enumeration of specific exceptions by the legislature excludes all others by implication, and usually precludes the court from creating additional exceptions by judicial construction."

It is provided in section 11020 of the 1939 Code of Iowa that:

"When the commencement of an action shall be stayed by injunction or statutory prohibition, the time of the continuance of such injunction or prohibition shall not be part of the time limited for the commencement of the action, except as herein otherwise provided."

The record does not disclose that any injunctive relief was pending at any time and we know of no reason why the statute should be tolled by reason of the fact that the note was held in a receivership proceeding.

It is our holding that a receiver is subject to the same rules that apply to any other individual, unless there is some statutory exception which we have not been able to find and which appellant has not brought to our attention. In support of our holding, it is stated in 45 Am. Jur., Receivers, 129, section 156, as follows:

"A receiver holds the property coming into his hands by the same right and title as the person for whose property he is receiver, subject to * * * defenses * * * existing at the time of his appointment. In other words, a receiver possesses no rights with respect to the trust property superior to those which would be possessed by the one for whom he was appointed, were the latter acting for himself."

As a further indication that the legislature has not given any exception to the running of the statute of limitations while a note is held by a receiver of a closed bank, attention is called to section 11033.1 of the 1939 Code of Iowa, which specifically limits the life of a judgment obtained on credits assigned by a receiver of a closed bank to two years.

Authorities of other states give support to the conclusion we have previously reached, that the statute of limitations does run while notes or other property are in the possession of a receiver. In the case of Commissioner of Insurance v. Bristol Mutual Liability Ins. Co., 279 Mass. 325, 328, 181 N. E. 208, 210, it is said:

"The general rule is that when the period prescribed by a statute of limitations has begun to run, it will continue to run even though a receiver has been appointed and an injunction has issued against the bringing of actions against the receiver. Paul v. Fidelity & Casualty Co., 186 Mass. 413 [71 N. E. 801, 104 Am. St. Rep. 594]. Cain v. Seaboard Air-Line Railway, 138 Ga. 96, 98 [74 S. E. 764]. Williams v. Taylor, 99 Md. 306, [57 A. 641]. Harrison v. Dignan, 1 Con. & Laws, 376, 378. In case such peremptory injunction has issued against the bringing of actions against the receiver or against the owner of the property of which he is receiver, the holder of a claim liable to be tolled by the statute of limitations may seek relief by petitioning the court which appointed the receiver and issued the injunction for leave to bring an action at law or suit in equity, and to modify the injunction accordingly, or for leave to file an intervening petition for the establishment of his claim."

In O'Connell v. Chicago Park District, 376 Ill. 550, 557, 34 N. E. 2d 836, 840, 135 A. L. R. 698, we find this statement:

"The cause of action having once accrued, the statute began to run at once, because the possession was wrongful from the outset, and no subsequent demand and refusal could start it afresh. (Watkins v. Madison County Trust and Deposit Co., supra.) The appointment of a receiver did not stop its running. (Houston Oil Co. of Texas v. Brown [Tex. Civ. App.], 202 S. W. 102, certiorari denied, 250 U. S. 659 [40 S. Ct. 9], 64 L. ed. 1194; 4 Cook on Corporations (7th ed.), p. 3367, Sec. 871.) The statute runs against the right of action, not against the holder thereof."

A further authority to the same effect is found in Houston Oil Co. v. Brown, Tex. Civ. App., 202 S. W. 102, 109 [certiorari denied 250 U. S. 659, 40 S. Ct. 9, 64 L. Ed. 1194], where the following statements are found:

"A consideration of the contentions of both parties leads us to the conclusion that the contention of appellant is unsound. 25 Cyc. 1282, states the following:

" 'As a general rule, mere appointment of a receiver does not in any way affect the running of the statute of limitation.'

"Thompson on Corporations, §§ 6894, 6895, states:

" 'The mere appointment of a receiver does not suspend the right of action against a corporation itself, unless the proceedings in which the receiver is appointed has resulted in dissolving the corporation, or it is the purpose to judicially dissolve the corporation, and the court enjoins the prosecution of any action against the corporation during the pendency of the suit, and gives as the reason for this rule because the existence of the corporation is not destroyed or even suspended by reason of the property or franchises being held in custody of the court of equity.' Johnson v. Talley, 60 Ga. 540; White v. Meadowcroft, 91 Ill. App. 293; Williams v. Taylor, 99 Md. 306, 57 Atl. 641; Kirkpatrick v. McElroy, 41 N. J. Eq. 539, 7 Atl. 647; Meuseback v. Half & Bro., 77 Tex. 187, 13 S. W. 979; Belt v. Cetti, 100 Tex. 98, 93 S. W. 1000; Rindge v. Oliphint, 62 Tex. 685; Thomas v. Greer, 6 Tex. 372; Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640; Houston Oil Co. v. Griffin, 166 S. W. 902.

"In the Griffin Case, just mentioned, it is held that the appointment of a receiver did not stop the running of the limitations that had begun. Cook on Corp. (7th Ed.) vol. 4, p. 3367, §871, states the general rule that the appointment of a receiver does not stop the running of limitations in favor of a corporation, and cites Jackson v. Fidelity Co., 75 Fed. 359, 21 C. C. A. 394; Int. Ry. Co. v. McCulloch, 24 S. W. 1101. In the same volume, p. 3369, §871, he says: Even though a receiver has been appointed, the corporation may, by leave of the court, bring actions in its own name against any one, except the receiver, to try the legal title to property. Ry. Co. v. Sandoval, 111 Ill. 32; M., K. & T. Ry. Co. v. Graham, 12 Tex. Civ. App. 54, 33 S. W. 576; Smith v. T. & N. O., 101 Tex. 410, 108 S. W. 819."

The appellant has cited as authority for his contention McGee v. Kirby, 189 Okla. 488, 118 P. 2d 199, 200. Our study of this case discloses the fact that there is statutory authority for the holding of the Oklahoma Supreme Court. The Oklahoma statute provides that the liquidation of building and loan asso-

ciations shall be under the supervision and control of the bank commissioner, and in the cited case it is stated:

"* * * that the Bank Commissioner shall maintain suits for collection of all outstanding obligations due such association, which suits shall be brought in the name of the State of Oklahoma on the relation of the Bank Commissioner, and that the assets are in custodia legis. * * * This court has consistently held that the statute of limitations does not run while the assets of a state bank are in the possession of the Bank Commissioner."

In connection with the holding of the Oklahoma court, it is of interest to observe the following statement found in the annotation in 122 A. L. R. 945, where, in commenting upon the rule as to the statute of limitations not running against the state, the following is set forth:

"In reliance upon this rule it has been sometimes argued that a liquidator acting in behalf of the government in liquidating the affairs of an insolvent bank is entitled to the same immunity from the operation of the statute of limitations as the government itself, and that during the period of the liquidation the statute is suspended as to him in the enforcement of choses in action belonging to the bank, or of the superadded liability of its stockholders. But with the exception of one jurisdiction (Oklahoma), this argument is generally repudiated, the view taken being that the rule that the statute of limitations does not run against the state applies only in actions in which the state has a beneficial interest, and does not apply where the state is a nominal party suing through the liquidator for the benefit of third persons; and that since in the enforcement of the choses in action belonging to the insolvent bank, or of the superadded liability of its stockholders, the state, although a nominal party to the suit through the liquidator, has no direct beneficial interest, and the recovery will inure to the benefit of the depositors or other creditors of the bank, the liquidator is as much bound by the statute of limitations as the bank itself." Citing Porter v. United States, 9 Cir., Idaho, 1928, 27 F. 2d 882 (certiorari denied in 1929, 279 U. S. 875, 49 S. Ct. 340, 73 L. Ed. 1009); State ex rel. Fulton v. Bremer, 1935, 130 Ohio St. 227, 198 N. E. 874;

Shaw v. Bush, 1933, Tex. Civ. App., 61 S. W. 2d 526; McNutt v. Cox, 133 Tex. 409, 129 S. W. 2d 626, 122 A. L. R. 941. See, also, Anderson v. Nawa, 1914, 25 Cal. App. 151, 143 P. 555.

The authorities which we have cited support the trial court in its ruling sustaining the motion to dismiss appellant's petition. We therefore affirm.—Affirmed.

All JUSTICES concur.