THE CITY OF BURLINGTON v. THE B. & M. R. R. Co.

1. **Taxation:** ACTION: MUNICIPAL CORPORATION. An action at law can be maintained by a city for the recovery of municipal taxes upon the property of a railroad, notwithstanding the legislature may have provided a special remedy therefor. Following *The City of Dubuque v. The Ill. Cen. R. Co..* 39 Iowa, 56. MILLER, CH. J., and COLE, J., *dissenting*.

2. ————: STATUTE OF LIMITATIONS. Recovery by municipal corporations, for taxes becoming delinquent more than five years before the commencement of the action, is barred by the statute of limitations.

   *Argument 1.*—When a city lays aside its sovereignty, and places itself in the position of a contracting power, it subjects itself to the laws controlling the natural person.

   *Argument 2.*—Taxes are debts, recoverable like any similar obligations, and subject to the same conditions. Sec. 9, of Chap. 26, Laws of 1872, releasing railway companies from the payment of such debts, is unconstitutional and void.

3. ————: PENALTIES: MUNICIPAL CORPORATIONS. Municipal corporations, when clothed by charter with the power to impose taxes, may prescribe penalties for the non-payment of such taxes when they become due, and such penalties become a part of the debt created by the tax, and are collected in the same manner.

*Appeal from the Des Moines District Court.*

MONDAY, JUNE 21.

Action to recover certain city taxes levied by plaintiff upon property, real and personal, of defendant, situated within the corporate limits of the city. The cause was submitted to the court upon an agreed statement of facts, and certain questions arising thereon were, by agreement of parties, presented for decision. There was a judgment for defendant, and plaintiff appeals.

*A. H. Stutsman* and *Charles H. Phelps*, for appellant.

THE question whether an action at law will lie for the recovery of taxes is not a jurisdictional one, which may be raised at any stage of the proceedings. (*The City of Davenport v. The C., R. I. & P. R. Co.*, 38 Iowa, 633; *The City*

*of Dubuque v. The I. C. R. Co.*, 39 Iowa, 56.) An issue not made by the pleadings will be disregarded by the court. (1 Chitty, 479–481.) A defense not pleaded is not ground for arrest of judgment. The demurrer by plaintiff to the answer does not reach back to the petition. The common law rule, upon which this claim is based, is not applicable to pleadings under the Code. (*Cano v. Gilbreth*, 4 Gr., 453.)

A tax is a debt. It is immaterial whether the contract be with a private person or with the government; a debt is thereby created that becomes a common law obligation. (*Shaw v. Orr*, 30 Iowa, 355.) A tax is a debt, taking precedence over all others. A mere provision for collecting taxes by distress and sale is a cumulative and not an exclusive remedy. It must clearly appear that the summary method is intended to be exclusive. (Dillon on Mun. Corp., Sec. 653.) The right of the government to collect its revenues by ordinary proceedings will not be taken away by mere implication.

Municipal corporations are clothed with the common law powers necessary to the maintenance of local government, within the limitations imposed by their charters. In the absence of such a limitation, they possess the right of enforcing the collection of taxes by actions at law, the same as the state itself. The charter of the city of Burlington does not expressly, or by implication, deprive the city of the power to sue for and collect its general taxes in the same courts and in the same manner in which other claims are enforced. If it be true that an action will not lie for taxes, it follows that for twenty-three years the city had the right to levy taxes, but no authority to collect them, and that the authority granted by the charter to collect taxes was a nullity.

The statute of limitations has no application to ordinary municipal taxes, levied to defray the current expenses of the city. (*Magee v. Commonwealth*, 46 Pa. St., 358.) The cases cited in support of the adverse doctrine relate to municipal corporations, not as governments, but as *parties litigant.*

A body politic acts in two capacities. *First.* As a sovereign power, controlled only by the constitution or by its charter; *Second.* As a legal person, capable of holding

property, and of contracting, and being contracted with. In the first, it is supreme; in the second, its rights and liabilities are governed by laws applicable to natural persons. The statement that "municipal corporations are subject to the statute of limitations, in the same manner and to the same extent as natural persons," means that in all matters of contract, or involving the right of property, they are governed by the laws relating to persons. . But taxation involves the exercise of the highest soverign power. Limitation acts are statutes of repose; they were never intended to interfere with the sovereign power of the state. The maxim *nullum tempus occurrit regi*, applies to all efforts of the government to enforce the duties of the subject.

Sec. 2538, declaring that the statute shall "be applicable to all actions brought by or against all bodies, corporate and politic," would apply equally to the state, which is a "body politic." But the statute does not run against the state. (*Des Moines Co. v. Harker*, 34 Iowa, 84.) Express words are necessary to bring the state within the operation of the statute. (*U. S. v. Hoar*, 2 Mason, C. C. R., 314; *Johnson v. Irwin*, 3 Sergt. and R., 291; *Lessee v. Saunders*, 1 Bay. 8 C., 30; *U. S. v. Kirkpatrick*, 9 Wheat., U. S., 735; Dillon on Mun. Corp., Sec. 529.)

The statute is intended to apply only to ordinary debts, incurred between contracting parties, and not to bar state, county or municipal taxes.

The City of Burlington can impose penalties for delinquent taxes. The power to levy and collect taxes carries with it the power to use ordinary reasonable means commonly employed to enforce their collection. It cannot be said that the rate charged upon delinquent state taxes is unreasonable when applied to municipal taxes. The obligation to pay them is the same; and the taxpayer can escape the penalty by paying his taxes. Some constraint is necessary to "carry into effect" the tax ordinances of the city.

It is presumed that when the charter is silent respecting taxation, the analogies drawn from the general statutes of the state ought to be adopted by the corporation in the execution

of their local power of taxation. (Blackwell on Tax Titles, p. 527.)

*David Rorer*, for appellee.

The question whether an action at law will lie for taxes is properly before the court, although not raised by the pleadings. It was argued and decided by the court below. If it be law that an action might not, under the facts, be sustained below, it follows that to defeat such finding the other party may show, in the absence of pleading, that the action will not lie. This action is for municipal taxes and penalties only. There being no other cause of action set out in the petition, if such action for taxes will not lie, then there should be no legal recovery therein, and defendant might make default, thereby admitting the truth of the case alleged, as is now done by the agreement of facts, and still no judgment would stand. Defendant might move in arrest or appeal and reverse the judgment. (*Smith v. Smith*, 4 Wend., 468; *Schermerhorn v. Schermerhorn*, 5 Id., 513; *Buckingham v. McCracken*, 2 Ohio St., 287; *Jones v. Fennimore*, 1 G. Greene, 134; *Dewey v. Humphreys*, 5 Pick., 185; *Bradshaw v. Hedge & Heaton*, 10 Iowa, 402.) Defendant pleaded to plaintiff's petition below and plaintiff demurred. The demurrer reaches back to the petition and enables defendant to show any defect therein. On the demurrer the case was tried below. The defendant may now show that the petition sets forth no cause of action (*Dilly v. Roman*, 17 Md., 337; *The Bank v. Lockwood*, 16 Ind., 306; *Wear v. Jacksonville & C. R. R. Co.*, 24 Ill., 593), and this, too, though the answer was insufficient. (*Sugar Township v. Johnson*, 20 Ind., 280.)

An action at law will not lie for the recovery of taxes where the law gives any other remedy, unless such action be also given by the law in express terms. A tax is not a debt; it is merely a "proceeding *in invitum*." (*City of Augusta v. North*, 37 Me., 594; *Pierce v. City of Boston*, 3 Met., 520; *Shaw v. Pecket*, 26 Vt., 482; *Lane Co. v. Oregon*, 7 Wall., 71; *Perry v. Washburn*, 20 Cal., 318; *Ruddick v. Gordon*, Quincy (Mass.), 58; *The People v. Cracraft*, 2 Cal., 243; *Kidder v.*

*Boone*, 24 Pa. St., 193; *Camden v. Allen*, 2 Dutch., 398; *Ohio v. Gazley*, 5 Ohio, 14; *Oakland v. Whipple*, 39 Cal., 112; *People v. Seymour*, 16 Id., 332; *Taylor v. Palmer*, 31 Id., 240; *Durant v. Supervisors*, 26 Wend., 66.) The specific remedy for the recovery of municipal taxes is full and adequate. (Dillon on Mun. Corp., Sec. 653.) Taxes, being neither judgments nor contracts, are subject to set-off, and by parity of reasoning are not the subject of an action without the aid of statute. (*Pierce v. City of Boston*, 3 Met., 520.) A tax is a mere duty—is not the subject of garnishee process. (Blatchford on Tax Titles, 205.) Where statute or ordinance provides a means of enforcing a tax, as in this case, the special means must be pursued. (*Kidder v. Boone*, 24 Pa. St., 193; *The People v. Cracraft*, 2 Cal., 243.)

If an action for taxes lies at all it comes within the class which is barred within five years from the time when the cause of action accrued. The statute of limitation, at least as respects all real and personal actions, runs in favor of and against municipal corporations in the same manner and to the same extent as against natural persons. (Dillon on Mun. Corp., Sec. 529.)

BECK, J.—The city of Burlington each year, from 1862 to 1871 inclusive, levied taxes for municipal purposes upon the real and personal property of the Burlington & Missouri River Railroad Company. These taxes remaining unpaid, on the 17th day of September, 1872, this suit was instituted for their recovery. The defendant pleaded the statute of limitation and also set up that the taxes are released by Chap. 26, § 9, Acts 14th General Assembly. By stipulation of the parties the following questions were submitted to the District Court for its decision:

" 1. Whether all or any part of said tax, interest or penalty, is barred by the statute of limitation or by lapse of time in equity?"

"2. What interest or penalty, if any, plaintiff can claim against defendant for each or any year upon alleged delinquent tax?".

" 3. Whether or not defendant is released from the payment of said tax or interest or penalty claimed by act of April 6th, 1872, known as the railroad tax law, and by the repealing clause, Sec. 13 of said act of April 6th, 1872?"

The cause was submitted to the District Court upon the pleadings and the agreed statement of facts, and the court, thereupon, decided the following propositions of law:

"1. The City of Burlington could not maintain a suit at law for taxes."

"2. That the claim for taxes due for the years 1862–63–64–65 and 66, is barred by the statute of limitation."

"3. That the city had a right to levy the taxes on the property of the railroad company for municipal purposes."

"4. That there is no equitable estoppel outside of the statute of limitation."

"5. That the city can only recover six per cent interest on the taxes due, and no penalty."

"6. That the act of April 6th, 1872, in as far as it attempts to relieve the railroad company from the payment of municipal taxes then already existing against them, is unconstitutional."

As the result of these legal conclusions, judgment was rendered for the defendant.

We will pass upon the questions discussed in the argument of counsel and no others.

I. The first question presented by counsel involves the right of the city to maintain an action to recover taxes rightfully levied, the defendant insisting that, in no case, will an action lie to enforce the collection of taxes where the law gives any other remedy, unless an action is expressly provided for by statute. This question was presented in *Dubuque v. The Ill. Cen. R. Co.*, 39 Iowa, 56, and *Davenport v. The C. R. I. & P. R. Co.*, 38 Id., 633. It was argued at great length and with great ability by the counsel in those cases, and the subject was completely exhausted. We gave it most careful and protracted consideration, and our views will be found fully expressed in the opinions delivered in these cases.

1. TAXATION: action: municipal corporation.

No new light is shed upon the subject by the very able arguments presented in this case. The authorities now cited, without, we believe, a single exception, were presented and considered by the court and counsel upon the former discussion. A repetition of our views and of the arguments which, in our judgment, support them, is not demanded by any change or modifications of our conclusions. DAY, J., and myself assenting, expressed the opinion that the action could well be maintained. MILLER, CH. J., was of the opinion that as the question was not made upon the trials of the actions below it could not be argued in this court. He still entertains that opinion and reaches the conclusion that, as the question is not jurisdictional in its character, a position announced in his opinion in *Davenport v. C. R. I. P. R. Co.*, it should have been raised for decision by proper pleading, and, as this has not been done, it is not before us. This view is clearly intimated if not directly expressed in his opinion in the cases just named. COLE, J., adheres to his views expressed in those cases, and dissents from the conclusion of the other members of the court, reversing the decision of the District Court, to the effect that the action can be maintained by the city.

II. The next question discussed by counsel involves the correctness of the court's ruling to the effect that recovery for all taxes becoming delinquent more than five years prior to the commencement of the action, is barred by the statute of limitations, which provides that all actions " founded upon unwritten contracts,  *  *  *  *  *  *  *  * and all other actions not provided for in this respect" may be brought within five years, and not afterwards. It is argued that as the city is an instrument of the state in exercising the functions pertaining to government, it is to be regarded as the state, and the maxim, *nullum tempus occurrit regi*, preserves to it all rights of action given to enforce its governmental authority. The learned counsel for plaintiff admit that they are able to cite no authorities in support of their position that the maxim is applicable to the city. They concede that where actions are brought by municipal

2. ——: statute of limitations.

corporations to recover property, or to enforce contracts made with them in their corporate and governmental capacity, the statute may be pleaded as where like actions are brought by natural persons.  They observe, and we think accurately, that "the cases which hold municipal corporations are not exempt from the statute, refer to rights of property and not to public duties."  *  *  *  *  *  *  *  *  *  *  When the city, laying aside its sovereignty, places itself in the position of a mere contracting party and deals with the individual, not as a subject, but as a natural person, it, as we have before said, subjects itself to the laws controlling natural persons."  We think the doctrine of the quotation is not only well expressed but entirely correct.

The right of the city to maintain this action can only be supported upon the ground that the taxes are debts, property held by it in its proprietary character.  It appears in this action in that character, claiming to recover on the ground that the defendant is its debtor upon an obligation created by the assessment and levy of the taxes.  In the debt thus created, it has a right of property in its proprietary character. The action may therefore be prosecuted and it may therefore recover, despite the legislation releasing the taxes which we have held to be in conflict with the constitution.  See *Dubuque v. Ill. Cen. R. Co.*, 39 Iowa, 56.

We conclude that the action, as to all taxes levied for the year 1866, and prior years, is barred.  It may be maintained for the taxes of the subsequent years.

III.  We are next to inquire whether the city may recover the penalties prescribed by ordinance upon delinquent taxes; whether recovery is restricted to the taxes, and interest at six per centum per annum, as held by the District Court.  That the city possessed the authority to prescribe, by ordinance, the penalties claimed by plaintiff, and that by ordinance, these penalties were prescribed, cannot be doubted.  It is, by its charter, clothed with authority to pass such laws and ordinances as may be necessary and proper in carrying into effect the powers granted it. It is clothed, by the charter, with power to levy and collect

3 ——: penalties: municipal corporations.

taxes; the authority to prescribe penalties for the non-payment of taxes is necessary and proper to carry into effect the power to levy and collect taxes. Penalties are the common means resorted to as an incentive to the prompt payment of taxes and assessments; the city could properly provide for their imposition. Penalties, when prescribed in the case of delinquent taxes, become a part thereof, and are collected in the same manner as the taxes themselves. They are regarded in the same light as interest imposed by law on contracts, which becomes a part of the debt and is collected with it, as a part of it.

No other questions than those above passed upon were discussed or presented by counsel in their arguments. We are called upon to pass upon no others.

The judgment of the District Court, resulting from the conclusions that the city cannot maintain an action for taxes, nor recover the penalties prescribed by ordinance, is

REVERSED.

COLE, J., *dissenting.*—He differs with the court below in its conclusions upon the points 3 and 6, but would affirm the judgment because the property was not taxable.