## ANKENY v. HENNINGSEN.

1. **Taxation**: MUNICIPAL CORPORATIONS: SPECIAL ASSESSMENTS. The discretionary power vested in municipal corporations by the general authority to levy and collect taxes, in respect to the imposing of penalties for their nonpayment when due, extends only to taxes levied for general purposes, and in case of special assessments only such penalties can be collected as are fixed by statute.

2. ——: ——: ——. The limit of such penalty upon special assessments is fixed by section 479 of the Code at five per cent in addition to ten per cent interest from the date of the assessment, and a municipal corporation can authorize neither its own treasurer nor the county treasurer to collect a larger amount. Sections 481 and 495 relate only to the mode of collection, and do not make the penalties provided in section 866 applicable to such special assessments.

*Appeal from Clinton Circuit Court.*

MONDAY, JUNE 14.

THE defendant, as treasurer of Clinton county, was, at the time of the commencement of this action, proceeding to sell for a special assessment, made for the improvement of a street, a certain lot in the city of Clinton belonging to the plaintiff. The plaintiff brings this action for an injunction to restrain the sale, averring that he has tendered the amount of the

assessment with ten per cent interest, but that the defendant refused to accept the same upon the ground that he has the right to collect the penalties provided in section 866 of the Code. The defendant admits that he claims such right and was proceeding to sell for the purpose of collecting the assessment and such penalties.

There was a decree for the plaintiff enjoining the sale. The defendant appeals.

*A. R. McCoy*, for appellant.

*J. H. Flint* and *C. A. Smith*, for appellee.

ADAMS, CH. J.—Section 866 of the Code provides that the county treasurer in collecting general taxes shall collect upon the taxes that are delinquent a penalty at the rate of one per cent a month for the first three months, two per cent a month for the next three months, and three per cent a month thereafter.

Section 495 of the Code provides for the collection of city taxes by the county treasurer. No question is raised in regard to the power and duty of the county treasurer to collect the special assessment. The only question raised is as to whether he can collect the same penalties as provided for general taxes in section 866. The defendant claims that he can, because it was provided by an ordinance of the city that such assessments, when unpaid and certified, shall bear the same rate of interest and be collected the same as general taxes under the laws of the State. He also claims the authority by reason of section 495 of the Code, which provides that in collecting city taxes by sale he shall, in all things relating to the collection, proceed according to the provisions of the statute regulating the sale of property for delinquent state and county taxes. He also claims the authority by reason of section 481 of the Code, which provides that in collecting city taxes he shall proceed in the same manner as in collecting state and county taxes.

The plaintiff insists that the city treasurer, if he had proceeded to collect the assessment, could not have collected the penalties in question, and that the county treasurer has no authority to collect more than the city treasurer could have done.

By the ordinance above referred to power is given, so far as the city council could give power to the county treasurer where an assessment is certified and made collectible by him, to collect the same rate of interest as upon general taxes under the laws of the State. Whether by "the same rate of interest" was meant the penalties provided in section 866 we need not determine. We see no reason for holding that the council could confer upon the county treasurer power to collect the statutory penalties unless it could have conferred a like power upon the city treasurer. We have the question, then, as to whether the council could have conferred upon the city treasurer the power to collect the statutory 1. TAXATION: penalties. The defendant insists that it could; that municipal corporations; the power of taxation carries with it, by implica-special assess-ments. tion, the power to impose and collect penalties. In support of this view our attention is called to the *City of Burlington v. B. & M. R. R. Co.*, 41 Iowa, 134 (142). In that case Beck, J., said: "The authority to prescribe penalties for the nonpayment of taxes is necessary and proper to carry into effect the power to levy and collect taxes. Penalties are the common means resorted to as an incentive to the prompt payment of taxes and assessments. The city can properly provide for their imposition." In that case, however, the question was in regard to the collection of penalties upon general taxes. Now, a person who is delinquent in the payment of his general tax is not to be viewed in precisely the same light as a person who is delinquent in the payment of a special assessment. A general tax is a general burden imposed at stated intervals. A special assessment is a special burden; it may be imposed unexpectedly; and the amount is often large as compared with the ability of the person

to pay it.   It appears to us, therefore, that some discrimination might properly be made in respect to the penalties that should be imposed, and we think that the legislature has made a discrimination.   Section 479 of the Code provides, in respect to a special assessment, that "where payment shall have been neglected, or refused at the time when the same was required, any municipal corporation may be entitled to demand and recover in addition to the amount assessed and interest thereon at ten per cent from the time of assessment, five per cent to defray the expenses of collection."   This, it appears to us, is the limit of the penalties which the city is entitled to collect.   We must assume that in the judgment of the legislature no greater penalty ought to be collected.

But it is said that sections 481 and 495 of the Code do provide for the collection of greater penalties where the assessment is collected by the county treasurer.

In our opinion those sections will not bear the construction which the defendant would put upon them.   They are, we think, designed to prescribe the duties of the county treasurer in respect to the *mode* of collecting.   The amount of penalties that may be collected does not pertain to the mode of collecting.

In our opinion the plaintiff's lot was not liable to be sold for the penalties provided in section 866 of the Code, and the judgment of the Circuit Court must be

AFFIRMED.