STATE INSURANCE COMPANY, Appellee, v. JOHN GRIFFIN
et al., Appellants.

Costs: COLLECTION: STATUTE OF LIMITATIONS. The claim of a justice
of the peace for fees for services rendered at the instance of the suc-
cessful party to a cause, which cannot be collected of the defeated
party, is barred after the lapse of five years, though no fee bill nor
execution has been issued therefor.

*Appeal from Polk District Court.*—HON. CHARLES A.
BISHOP, Judge.

SATURDAY, FEBRUARY 6, 1892.

THIS is an appeal from an order overruling a
motion of the defendant Callender for judgment
against the plaintiff for certain costs for which it is
claimed the plaintiff is liable. The court denied the
right to recover the costs, on the ground that the claim
therefor was barred by the statute of limitations.
D. F. Callender appeals.—*Affirmed.*

*Callender & Smith*, for appellants.

*Cummins & Wright*, for appellee.

ROTHROCK, J.—The amount in controversy is less
than one hundred dollars, and the appeal comes to us
upon a certificate of the trial judge. It is unnecessary
to set out the certificate in full. The facts upon which
the claim of the bar of the statute of limitations arises
are as follows:

On the tenth day of August, 1878, the State Insur-
ance Company recovered a judgment against one
Griffin before D. F. Callender, a justice of the peace.
In the year 1885 a transcript of said judgment was filed
in the office of the clerk of the court below. In

August, 1889, the judgment being uncollected and the costs unpaid, Callender procured a fee-bill to be issued for all the costs, which included the sum of two dollars which was due to him as justice of the peace, and which amount of costs was incurred at the plaintiff's instance. The fee-bill was returned by the sheriff wholly unsatisfied. Afterwards Callender filed a motion for judgment against the plaintiff for the costs claimed by him. The plaintiff claimed that the claim was barred by the statute of limitations. The court sustained that claim, and the correctness of that ruling is the only real question in the case.

The contention of the defendant is that the claim for costs attaches to the judgment, and that, so long as the judgment is not barred by the statute, there can be no bar as to the costs. The determination of the question involves an examination of two or three sections of the Code. Section 3837 is as follows: "When no other provision is made on the subject, the party requiring any service shall pay the fees therefor, upon the same being rendered, and a bill of particulars being presented, if required." If an officer entitled to this remedy seeks to recover his fees by an ordinary action, it is quite plain that he must present his claim and commence an action within five years, as provided in section 2529 of the Code. It would be an ordinary action on account for services rendered. Section 3842, so far as applicable to the question, is as follows: "After the expiration of sixty days from the rendition of a final judgment, not appealed, removed or reversed, the clerk of the court or justice of the peace in whose office the judgment is entered, may, and on demand of any party entitled to any part thereof shall issue a fee-bill for all costs of such judgment, which shall have the same force and effect as an execution issued by such officer, and shall be served and executed in the same manner." Callender did not issue a fee-bill from his own court after the expiration of sixty days, but,

after the transcript of the judgment was filed, and more than ten years after it was rendered, he caused the fee-bill to be issued, and after its return unsatisfied he moved for judgment against plaintiff for costs.

It appears to us that a fair consideration of these statutes shows quite satisfactorily that the fees in controversy cannot be said to be a judgment against the plaintiff. If they were a part of the judgment, no motion would be necessary to recover them. That costs of this character cannot be collected upon execution upon the judgment is plainly implied from section 2935, which is as follows: "All costs accrued at the instance of the successful party, which cannot be collected of the other party, may be recovered on motion by the person entitled to them against the successful party." It will be observed that this contemplates a recovery upon a motion. It is in the nature of a special proceeding. It is a proceeding for the recovery of a money demand, and it is, in effect, an action for the recovery of money. The costs cannot be tacked onto the judgment so as to suspend the operation of the statute of limitations; and Callender could not, by omitting to cause the fee-bill to be issued, prolong the statute of limitations, even if the remedy by motion were exclusive. *Baker v. Johnson Co.*, 33 Iowa, 151; *Hintrager v. Hennessy*, 46 Iowa, 600; *Squier v. Parks*, 56 Iowa, 407.

Some question is made about the sufficiency of the answer to the motion to raise the question as to the statute of limitations. The question is plainly and squarely made, and the objection thereto is without merit. The case demands no further consideration, and the judgment of the district court is AFFIRMED.