POLK COUNTY, Plaintiff and Appellant, v. ZELL G. ROE, C. S. KINGMAN, and I. H. KINGMAN, Defendants and Appellees, and POLK COUNTY, Plaintiff and Appellant, v. F. A. COPE, ET AL., Appellees.

Public officers: FEES: LIMITATION OF ACTION. An action upon the official bond of a justice of the peace to recover fees retained by him in excess of the lawful amount is barred after three years, under the statute prescribing a three-year limitation upon actions against public officers of that character.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

WEDNESDAY, MARCH 11, 1914.

BOTH of the above-entitled actions involve the same questions. Both cases will therefore be disposed of by one opinion. Each is an action on the official bond of a justice of the peace; the principal defendants being Zell G. Roe and F. A. Cope, respectively. In each case there was a demurrer to the petition; the principal ground of the demurrer being that the action was barred by the statute of limitations. The demurrer in each case was sustained upon this ground, and the plaintiff has appealed.—*Affirmed*.

*Thomas J. Guthrie, John J. Halloran,* and *W. S. Ayres,* for appellant.

*Parsons & Mills,* for appellees.

EVANS, J.—We will consider the cases separately, and in the order in which they appear upon our docket. The first is an action upon the official bond of Zell G. Roe, as justice of the peace for Des Moines township in Polk county. His term of office began January 1, 1907, and ended January 1, 1909. The civil fees collected by him during those two years amounted to $1,278, which amount has at all times been retained by him. By resolution of the board of supervisors he was allowed to retain the sum of $500 per year, or a total of $1,000. This was the maximum allowance permitted by the statute. Section 4600-a, Code Supplement. This action was brought to recover the balance of $278, and was begun on August 28, 1912. Section 3447 of the Code provides that an action against a public officer growing out of a liability incurred by the doing of an act in an official capacity, or by the omission of an official duty, including the nonpayment of money collected upon execution, must be brought within three years after the cause of action accrues. Appellant concedes that the case is governed by this provision of the statute. There is no room for difference of opinion at this point. *State v. Dyer,* 17 Iowa, 223; *State v. Henderson,* 40 Iowa, 242; *Keokuk County v. Howard,* 41 Iowa, 11; *Lower v. Miller,* 66 Iowa, 408.

The contention of the appellant is that the cause of action against the defendant did not accrue until July 3, 1912, because the board of supervisors had not prior to such date made any allowance to the defendant as to the amount of fees which might be retained by him. The contention is not sound.

Under section 1301 of the Code it was the duty of the defendant as justice of the peace to make report under oath to the board of supervisors showing the amount of fees collected by him, "together with vouchers for the payment of all sums collected to the proper officer." Under this statute there was due from the defendant a report on the first Monday of January of the year 1908, and likewise on the first

Monday of January, 1909. He made no report on either date, nor at any time during such years. He was therefore clearly guilty of a violation of the statute, and a cause of action upon his official bond accrued forthwith. The same statute requires that vouchers from the proper officer for the payment of the sums collected should be filed with the report. This means that it was his duty to have paid to the county treasurer the fees thus collected prior to the time of presenting the report. A failure of the board of supervisors to make an allowance of the amount which he might retain could not justify any withholding on his part of the fees collected or of the report due. In the absence of an allowance by the board of supervisors, the justice was bound to pay over all the fees and report the same accordingly. In this case the maximum amount which could have been allowed him was $500 for each year as already indicated. On any theory, therefore, he was in default for the balance. Such balance is all that is claimed by the plaintiff. The statute of limitations, therefore, had fully run at the expiration of three years after the first Monday in January, 1909. This was the ruling of the trial court, and its order in that respect is affirmed.

II. The defendant Cope was a justice of the peace for the same township and for the same period of time. The civil fees collected by him amounted to $1,610.75. This action is brought to recover the balance of $610.75; the board of supervisors having allowed to this defendant, also, the maximum amount of $1,000. In all other respects the facts are like those in the preceding case. What we have said therefore in the foregoing paragraph is decisive of this case also.

The order of the trial court in each case will therefore be *Affirmed*.

LADD, C. J., and WEAVER and PRESTON, JJ., concur.