(No. 5519. September 25, 1930.)

CITY OF ST. ANTHONY, a Municipal Corporation, Respondent, v. FRED H. MASON, Defendant, and AETNA CASUALTY & SURETY COMPANY, a Corporation, Appellant.

[291 Pac. 1067.]

718

T. C. Coffin, for Appellant.

F. L. Soule and J. G. Gwinn, for Respondent.

BUDGE, J.—Fred H. Mason was the duly elected, qualified and acting treasurer of the City of St. Anthony for the term beginning May 7, 1923, and ending May 4, 1925. As such treasurer Mason furnished a bond to the city, as required by C. S., sec. 3949, executed by the Aetna Casualty & Surety Company as surety, conditioned upon the true and faithful performance by the treasurer of all official duties required of him by law and his accounting for and paying over and delivering to the person or officer entitled to receive the same all moneys or other property that might come into his hands as such city treasurer. Certain funds of the city were placed on deposit in the First National Bank of St. Anthony by Mason and such funds were continued to be carried in such form and additional deposits made by Mason during his term of office as treasurer. The First National Bank had not been designated or qualified as a depository for public funds during the time involved, and it was closed for insolvency in February, 1924, without the funds of the city so deposited as aforesaid having been withdrawn.

This action was instituted by the city January 29, 1927, against Mason and the surety company to recover the amount of money belonging to the city on deposit in the bank at the time of its closing, less a portion paid as a dividend. Trial was had to the court without a jury and judgment was entered in favor of the city as plaintiff. Defendant surety company has appealed from the judgment.

The principal contention of appellant is that the trial court erred in not holding that the action was barred by the statute of limitations, C. S., sec. 6611, subd. 1, prescribing a three-year period for the commencement of an action upon a liability created by statute, other than

a penalty or forfeiture. That this is an action based upon a liability created by statute, see *Ada County v. Ellis*, 5 Ida. 333, 48 Pac. 1071; *Gallatin County v. United States Fidelity & G. Co.*, 50 Mont. 55, 144 Pac. 1085.

■ Ordinarily, the question as to when a statute of limitations begins to run is determined by the time when a cause of action arises. (*Little v. Emmett Irr. Dist.*, 45 Ida. 485, 56 A. L. R. 822, 262 Pac. 40.) It is thus material in this case to determine when the cause of action arose.

■ Appellant takes the position that since the First National Bank of St. Anthony was not a designated depository of public funds of the respondent city, the deposit of such funds therein by Mason and the acceptance by him of certificates of deposit from the bank were violations of law upon which actions accrued to the city at such times. As a consequence, it is urged by appellant, the failure of the city to bring an action within three years from the dates of such deposits barred a right of recovery, under C. S., sec. 6611, subd. 1. On the other hand it is the contention of respondent that, there having been no authority for Mason to make deposit of the city's funds in the bank it was his continuing duty to withdraw the same from the bank, which he was prevented from doing by the failure of the bank, and that such breach of duty became actionable upon the inability to perform when the bank was closed or at the end of Mason's term of office when he should have made final settlement and turned over to his successor in office the moneys of the city which had been placed in his custody.

By C. S., sec. 4040, the treasurer of a city is made the custodian of all moneys belonging to the corporation, and he is required at the end of each and every month and as often as may be required to render an account to the city council showing the state of the treasury at the date of such account and the balance of money in the treasury. This section does not require the treasurer to exhibit the moneys of the city placed in his custody when making an accounting at the end of each and every month, or to turn

over any of its moneys at such times, but by constituting the treasurer the custodian of all moneys belonging to the city it implies that he shall receive the same from his predecessor in office and turn over the same to his successor in office at the expiration of his term. There is no question here of the treasurer failing to make payments of any warrants issued by the city for claims allowed by it during the term of office of the treasurer. Under the facts of this case and the cause of action herein considered the city could be concerned only when the treasurer was unable to turn over the moneys belonging to it at the end of his term.

Under C. S., sec. 8379, it is made a penal offense for each officer of this state, or of any county, city, town or district of this state, and every other person charged with the receipt, safekeeping, transfer or disbursement of public moneys who wilfully omits or refuses to pay over to any officer or person authorized by law to receive the same, any money received by him under any duty imposed by law so to pay over the same.

It was said in *State v. Leonard,* 56 Wash. 83, 21 Ann. Cas. 69, 105 Pac. 163, 166:

"Even if there were no statute which was applicable to the case, common sense would compel the construction that, at least at the end of the officer's term, when his successor becomes custodian of the funds and he passes out of official existence, all the moneys belonging to the county should be turned over to his successor."

The treasurer having been made the custodian of the moneys belonging to the city during his term of office and which he was required to turn over only at the end of his term, we think the city's civil rights, under the cause of action here involved, arising out of a breach of duty on the part of the treasurer accrued when, at the end of Mason's term he failed to make delivery of the funds of the city placed in his custody during his occupation of the office of

city treasurer. In other words, the gist of the action was the failure of Mason to pay, at the expiration of his term of office, the moneys belonging to the city which had been placed in his custody. (*Sonoma County v. Hall*, 132 Cal. 589, 62 Pac. 257, 312, 65 Pac. 12, 459.) Paraphrasing the language in *State v. City and County of Milwaukee*, 158 Wis. 564, Ann. Cas. 1916A, 110, 149 N. W. 579, until the money became due and payable to the city at the expiration of the treasurer's term of office no duty devolved upon the treasurer to deliver such moneys and it would not follow that because during his term of office he had placed the moneys elsewhere for safekeeping he would not turn over the amount due when it became payable. Although there may be some contrariety of opinion, the cases are numerous in holding that in such cases as this the statute of limitations begins to run from the time when the officer to whom money has been entrusted in an official capacity is required to turn over the same, and not before. (*Sonoma County v. Hall, supra; State v. City and County of Milwaukee, supra; Gallatin County v. United States Fidelity & G. Co., supra; Skagit County v. American Bonding Co.*, 59 Wash. 1, 109 Pac. 197; *Harrison County v. Ogden*, 165 Iowa, 325, 145 N. W. 681; *Polk County v. Roe*, 164 Iowa, 302, 145 N. W. 868; *Saginaw County v. Kent*, 209 Mich. 160, 176 N. W. 601; *State ex rel. Buchanan County v. Fulks*, 296 Mo. 614, 247 S. W. 129; *Bitter v. Bexar County*, (Tex. Civ. App.) 266 S. W. 224; *State v. Davis*, 42 Or. 34, 71 Pac. 68, 72 Pac. 317.)

When it is remembered that none of the moneys was deposited in compliance with the depository laws, there was an absolute liability on the treasurer to account for such moneys at the end of his term, under the express condition of the bond providing that the treasurer would account for and pay over and deliver to the person or officer entitled to receive the same, all moneys that might come into his hands as such city treasurer. (*Buhl Highway Dist. v. Allred*, 41 Ida. 54, 63, 238 Pac. 298.)

The action of the city was brought within the statutory period after the treasurer was required to make final settlement with the city, and the judgment of the trial court in so holding is affirmed. Costs to respondent.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.