GREAT WESTERN INSURANCE COMPANY, Appellee, v. C. F. SAUNDERS, Defendant, CITY OF DES MOINES, Movant.

No. 43968.

JUNE 15, 1937.

Vernon R. Seeburger, City Solicitor, and C. O. Switzer, Asst. City Solicitor, for movant.

O. B. Hartley, for appellee.

PARSONS, J.—This case comes from the municipal court of the city of Des Moines, the total amount involved being $2.25, hence it is here on a certificate.

The statutes governing municipal courts are to be found in chapter 475 of the Code of Iowa, being sections 10642 to 10696. The court has jurisdiction of amounts up to $1,000, except in matters of probate, actions for divorce and alimony, separate maintenance, and juvenile proceedings, unless otherwise ordered, and those affecting the title of real estate.

The proceedings in the court are regulated by statute and are generally like the proceedings in the district court. The officers of the court other than the judges are a clerk and bailiff.

The duties of the clerk are practically the same as those of a clerk of the district court, and the duties of the bailiff are practically like those of a sheriff or constable.

In this case, the former Great Western Accident Insurance Company, now the Great Western Insurance Company, commenced an action in the municipal court of the city of Des Moines against one C. F. Saunders, which resulted in a judgment against the said Saunders, and in favor of the plaintiff, on a money demand, and in addition thereto the costs of the action, which were taxed by the clerk as $2.25, consisting of four items: Court trial 75 cents, entry judgment 75 cents, tax and satisfaction 75 cents. This was entered on the 13th day of October, 1916. On the 5th day of November, 1935, the clerk of the municipal court issued a fee-bill execution which was placed in the hands of the bailiff, and was returned with the following indorsement: "Unable to find any information as to defendant in this case. Returned unsatisfied this 13th day of November, 1935, E. L. Brookins, Bailiff, by W. T. Chester, Deputy."

On the 4th of January, 1936, the city of Des Moines filed its motion to tax costs in the case against the plaintiff for the reason that the fee-bill execution had been issued against the defendant in accordance with section 11754 of the Code, and same had been returned by the bailiff unsatisfied.

The plaintiff filed its answer or resistance to the motion of the city in four divisions:

1. Setting up that the claim, if any, the city had, was barred by the statute of limitations, and particularly paragraph 5 of section 11007 of chapter 487 of the 1935 Code.

2. That the costs of service were for services performed prior to the 13th day of October, 1916.

3. That even if the claim of the city were not barred, the city of Des Moines, or any one else in its behalf, had no right to recover by motion, or otherwise, any costs against it in the above action, and that the city of Des Moines was not the real party in interest.

4. That even tho the city were the real party in interest, it had not performed the statutory conditions precedent to entitle it to recover in this case.

On the 14th of October, 1936, a motion to retax costs was

overruled. The amount involved being less than $100, the case comes to us on appeal on certificate of the trial judge.

Section 10688 fixes the salary of the municipal judge, the annual salary of the clerk, and of the bailiff, which salaries are payable one month from the city treasury and one month from the county expense fund.

So taking the provisions of these sections, it will be seen that these funds that the movant, appellant here, is undertaking to collect, belong to the city for the reason they are to be turned over by the clerk to the city, and go into the city treasury, out of which one-half the salary of the judges and bailiffs are paid.

The trial court denied the motion and the city has appealed, coming up on certificate of the trial judge.

It is urged by the appellee that the claim of the city is barred by the statutes of limitation. The costs were for services performed prior to October 13, 1916, and that has raised the question which, it seems to us, is controlling in this case. The City on its part claims the statutes of limitation had not run against it because it is acting in a governmental capacity in establishing and carrying on a municipal court.

The City states the statute of limitation does not run against a municipality in the exercise of its governmental function, and to this cites, Johnson v. City of Shenandoah, 153 Iowa 493, 500, 133 N. W. 761; Bridges v. Town of Grand View, 158 Iowa 402, 139 N. W. 917; 6 McQuillin on Municipal Corporations (2d Ed.) sec. 2653; City of Waterloo v. Union Mill Co., 72 Iowa 437, 34 N. W. 197, 198.

The first case cited is a case involving the boundaries of streets and alleys, and between public and private owners, and it was held that such boundaries cannot be established by acquiescence.

In the Bridges case the controversy was over a street line, but in that case the city was held estopped by reason of acquiescing for a long period of years.

The proposition as made may be accepted. The question here is whether or not such claim arises under a governmental function of the city.

The Waterloo case says the powers given by the legislature to a municipal corporation to establish and maintain streets are exercised in the discharge of its governmental functions, and the

statute of limitation will not run to defeat the exercise of such functions.  The opinion says:

"The statute of limitations, therefore, will not run to defeat the exercise of its governmental authority.  In cases wherein arise questions involving property or contracts which do not pertain to the exercise of their authority, the statute will run," citing Davies v. Huebner, 45 Iowa 574.

In the Davies case it was held by Judge Rothrock, where there had been an entire nonuse of the highway for a period of 30 years, and half of the same in width had been inclosed, fenced, and in open, notorious and adverse possession for more than ten years, that the public would be estopped to claim any right in the part thus inclosed.  The other half having been but recently inclosed, the right of the public thereto had not been impaired.

The case of Burlington v. B. & M. Ry. Co., 41 Iowa 134, was also cited.  This was a case by a municipal corporation to recover taxes that had become delinquent more than five years before the commencement of the action, and it was held it was barred by the statute of limitation, saying, "A tax is a debt.  It is immaterial whether the debt be with a private person or with the government; a debt is thereby created that becomes a common law obligation."  And the opinion further says: "A tax is a debt, taking precedence over all others.  A mere provision for collecting taxes by distress and sale is a cumulative and not an exclusive remedy."

In the Burlington case the opinion was written by Judge Beck.  The city of Burlington each year, from 1862 to 1871, inclusive, levied taxes for municipal purposes upon the real and personal property of the Burlington & Missouri River Railroad Company.  These taxes remaining unpaid, on the 17th of September, 1872, suit was instituted for their recovery.  The defendant pleaded the statute of limitation.  The lower court held that all taxes becoming delinquent more than five years prior to the commencement of the action, are barred by the statute of limitation, which provides that all actions "founded upon unwritten contracts * * * and all other actions not provided for in this respect" may be brought within five years, and not afterwards.  The question is raised whether the city is an instrument

of the state in exercising the functions pertaining to government. On page 141 of the opinion it is said:

"We conclude that the action, as to all taxes levied for the year 1866, and prior years, is barred. It may be maintained for the taxes of the subsequent years."

The citation from 6 McQuillin on Municipal Corporations (2d Ed.), section 2653, says in part:

"Ordinarily, all the consequences of notice, laches and lack of diligence apply to a municipal corporation with the same effect that those matters do to private corporations or individuals." It further says, "It is generally held that the statute of limitations may be interposed as a defense in an action by a municipal corporation to enforce rights held by it in its private or corporate capacity, but that it is no defense in actions by the municipality involving public or governmental rights. Accordingly, the prevailing rule is that title to public streets and highways which have not been abandoned by the municipality cannot be acquired by adverse possession."

■■■ But it must be borne in mind that this action is by the city to collect some unpaid costs from the plaintiff, through the issuance of a fee-bill execution. These costs had been incurred almost twenty years before. The city moved for the fee-bill execution. This is a special proceeding.

■■■ It is claimed that the city was in the exercise of government functions when it instituted the municipal court. True, but it does not necessarily follow that the city is in the exercise of municipal or government functions in this case, when it is undertaking to collect costs of the character here involved after a lapse of time that existed in this case.

The appellee cites State Ins. Co. v. Griffin, 84 Iowa 602, 51 N. W. 63. In this case, in which one Callender was a justice of the peace, after leaving office he undertook to collect a fee-bill issued against the insurance company in a judgment brought before him while justice of the peace. A transcript was filed in the office of the clerk of the district court. In August, 1889, the judgment being uncollected and the costs unpaid, Callender procured a fee-bill to be issued for all the costs, which included the sum of two dollars due him as justice of the peace.

That was exactly the proceeding taken here, except the case

still remained in the municipal court. Judge Rothrock in passing upon the case, said on page 604 of 84 Iowa, on page 63 of 51 N. W.:

"It appears to us that a fair consideration of these statutes shows quite satisfactorily that the fees in controversy cannot be said to be a judgment against the plaintiff. If they were a part of the judgment, no motion would be necessary to recover them. That costs of this character cannot be collected upon execution upon the judgment is plainly implied from section 2935, which is as follows: 'All costs accrued at the instance of the successful party, which cannot be collected of the other party, may be recovered on motion by the person entitled to them against the successful party.' It will be observed that this contemplates a recovery upon a motion. It is in the nature of a special proceeding. It is a proceeding for the recovery of a money demand, and it is, in effect, an action for the recovery of money. The costs cannot be tacked onto the judgment so as to suspend the operation of the statute of limitations; and Callender could not, by omitting to cause the fee-bill to be issued, prolong the statute of limitations, even if the remedy by motion were exclusive."

The section referred to in this opinion of Judge Rothrock (2935) is now section 11626 of the Code.

In Polk County v. Zell G. Roe et al., 164 Iowa 302, 145 N. W. 868, in an opinion by Judge Evans, an action was brought to recover of Roe as justice of the peace, on behalf of the county, for civil fees collected by him during his two years as justice, amounting to $1,278, which at all times had been retained by him, under the statutes as they then existed, wherein he was allowed by the board of supervisors to retain the sum of $500 per year, or a total of $1,000. This was the maximum allowance permitted by the statutes. An action to recover the balance of $278 was begun August, 1912. The action is against Roe on his bond.

Under the statutes it was necessary for the justice to make a report to the board of supervisors showing the amount of fees collected by him, together with vouchers for the sums paid to the proper officer. Under this statute there was due from the defendant a report on the first Monday of January, 1908, and likewise in January, 1909. He made no such report on said dates, or during said time. A cause of action on his official bond

arose. It was said that even a failure of the board of supervisors to make an allowance of the amount he might retain would not justify him holding onto the part of the fees collected that did not belong to him, and he was in default for the balance; that the statute of limitation had fully run three years after the first Monday in January, 1909. · This was a ruling of the lower court on a demurer to the petition, and the Supreme Court in its opinion affirmed it.

The fees in this case sought to be collected, when collected, would be turned over to the city treasury to go into the general funds of the city, out of which the judge's and bailiff's salaries would be paid; also other claims against the general fund. It would go in just the same as taxes go in. It is just the same as office receipts go in. Such things have been held to be debts and to be barred by the statute of limitation, even when a city undertakes to enforce them. They then stand upon the same footing as all other funds that go into the general fund of the city treasury. It would be absurd to say that in these matters the city should be protected any more than anybody else.

If we are to adhere to the ruling laid down in the Burlington case, 41 Iowa 134, and if we are to adhere to the ruling laid down in State Insurance Company v. Griffin, 84 Iowa 602, 51 N. W. 63, and if we are to adhere to the case of Polk County v. Zell G. Roe, 164 Iowa 302, 145 N. W. 868, we must hold that the claim of the city in this case is barred by the statute of limitation. Therefore, for these reasons, the decision of the lower court is affirmed.—Affirmed.

. RICHARDS, C. J., and STIGER, KINTZINGER, MITCHELL, ANDERSON, SAGER, HAMILTON, and DONEGAN, JJ., concur.