635 P.2d 254

J. Sandy SINGLETON and Cay Single-
ton, Plaintiffs-Respondents,

v.

Mary PICHON, Defendant-Appellant,

and

Anita Foster, individually and heir or devi-
see of the Ned Foster Estate; and the
Ned Foster Estate, Defendants-Respon-
dents.

No. 13270.

Supreme Court of Idaho.

Oct. 5, 1981.

Stanley Crow, Boise, for defendant-appel-
lant.

E. Lee Schlender, Ketchum, for plain-
tiffs-respondents.

David B. Lincoln, Boise, for defendants-
respondents.

SHEPARD, Justice.

This is an appeal from a judgment in
favor of plaintiffs-respondents in an action

for specific performance brought by them as vendees in a title retaining land sale contract. We affirm.

The salient facts of the case are recited in the previous opinion of this Court in an earlier appeal, *Singleton v. Foster*, 98 Idaho 149, 559 P.2d 765 (1977). There the Court reversed the trial court which had, on the basis of the statute of limitations, dismissed the action.

Upon remand depositions of the various parties were taken and, following a pre-trial conference at which various exhibits were admitted, the matter was submitted for the decision of the court on the basis of the then existing record. The trial court made its findings of fact, conclusions of law and decision in favor of plaintiffs ordering and decreeing specific performance of the contract. Thereafter counsel for appellant Pichon submitted a form of pre-trial order to the court which was evidently inadvertently signed by the trial judge. Singleton moved to vacate the "pre-trial" order. Appellant Pichon moved to set aside the findings, conclusions and judgment and to be relieved from her stipulation which submitted the matter for the decision of the court without trial and further moved that the cause be set for trial upon its merits. The court granted respondent Singleton's motion to vacate the pre-trial order and denied all motions of appellant Pichon.

■ Appellant Pichon asserts that the court erred in failing and refusing to grant Pichon's request for a trial of the cause. We find such assertion to be totally without merit. The stipulation agreeing to submit the matter to the court for its decision without trial and upon the then existing record is clear and without equivocation. The trial court's refusal to relieve counsel of that stipulation was within the exercise of his discretion and we find no abuse of that discretion. *Thompson v. Turner*, 98 Idaho 110, 558 P.2d 1071 (1977); *Loughrey v. Weitzel*, 94 Idaho 833, 498 P.2d 1306 (1972).

■ Similarly, we find no merit to Pichon's assertion that the trial court erred in vacating the pre-trial order. At that point in the proceeding the execution of such a pretrial order served no purpose whatsoever. Pursuant to stipulation the matter had been submitted to and decided by the trial court.

■ Appellant Pichon next contends that the findings, conclusions and the decision of the trial court are not supported by the evidence. We disagree. The contract instrument between the Singletons and the Fosters provided that:

"Before purchaser's interest may be terminated or cancelled, vendor shall give purchaser written notice specifying the particulars in which purchaser is in default * * * if purchaser fails to comply with the then due terms of this contract as required by said notice within such thirty day period, then this contract will be subject to final and complete termination and cancellation by vendor. * * * Advice of cancellation may be given in the same manner as written notices."

At the heart of the findings of the trial court are those which found that neither the Fosters nor Pichon ever prepared a written notice of default and intention to terminate the contract, much less mailed any such notices to the Singletons.

The Singletons at all times lived in Hawaii and during the eleven years in question maintained various residences and/or business addresses at from three to six locations. It appears to be the principal contention of Pichon that the Singletons were somehow obligated to furnish their then current addresses to the Fosters and/or Pichon. It is sufficient to note that no such obligation is contained in the contract. Rather, if the Fosters or their assignee desired to exercise the default provisions of the contract, they needed only to mail such notices by certified mail to that address of the Singletons as stated in the contract. This the trial court found they did not do and that finding is clearly sustained by the evidence. Hence, we hold that since the Fosters and Pichon failed to comply or even attempt to comply with the express provisions of the contract, their contentions re-

**590**

garding post office regulations, changes of the Singletons' address and the Singletons' failure to give the vendors notice of the change of address are all irrelevant.

 Although the issue before this Court in *Singleton v. Foster, supra,* involved the statute of limitations, such was not ruled upon by the court below and that issue is raised only peripherally on this appeal. A statute of limitations only begins to run following the accrual of a cause of action and a statute of limitations may only be asserted as a bar after the expiration of the statutory period following the accrual of the cause of action. *City of St. Anthony v. Mason,* 49 Idaho 717, 291 P. 1067 (1930); *Little v. Emmett Irr. Dist.,* 45 Idaho 485, 263 P. 40 (1928). *See* 54 C.J.S. *Limitations of Action* § 108 (1948). Here there is no indication that the cause of action accrued in the Singletons until their tender of performance and Pichon's refusal of such tender. *See Stockmen's Supply Co. v. Jenne,* 72 Idaho 57, 237 P.2d 613 (1951).

Likewise, Pichon only asserts peripherally that the trial court failed to give consideration to the doctrine of laches. The trial court made no finding regarding laches and we find no indication in the record of a request, motion or demand by Pichon that the trial court consider and rule upon laches. Nevertheless, on the basis of the record before the trial court and here, we find no evidence upon which the trial court could have found the Singletons guilty of laches in the instant circumstances. Pichon was aware of the contract interest of the Singletons in and to the property since the quitclaim deed issued to Pichon was made specifically subject to the interest of the Singletons in the property.

We have considered appellant's remaining assignments of error and find them to be without merit. The judgment of the trial court is affirmed. Costs to respondents.

McFADDEN, BISTLINE and DONALDSON, JJ., concur.

BAKES, C. J., concurs in the result.