788 P.2d 1316

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Bret R. WILSON,
Defendant–Respondent.**

**No. 17465.**

Supreme Court of Idaho.

Oct. 19, 1989.

## ORDER DENYING PETITION FOR REHEARING

The Respondent having filed a PETITION FOR REHEARING on July 19, 1989, and supporting BRIEF on July 25, 1989 of the Court's Opinion entered June 30, 1989, 116 Idaho 771, 780 P.2d 93, therefore, after due consideration,

IT IS HEREBY ORDERED that Respondent's PETITION FOR REHEARING be, and hereby is, DENIED and the dissent on Denial of the Petition for Rehearing by Bistline, J., be, and hereby is, RELEASED.

## ON DENIAL OF RESPONDENT'S PETITION FOR REHEARING

BISTLINE, Justice.

In addition to the arguments put forward in my dissent there are a number of factors which militate in favor of this case being set for rehearing. First, the majority's present opinion does nothing to alleviate the respondent's valid concern about the violence done to the Rules of Evidence when the Court relies on testimony which was excluded by the trial court because it was hearsay and not subject to cross-examination or rebuttal by the defendant.

Second, the majority should have, at the least, remanded this case to permit the trial court to reconsider whether the state remained bound by its stipulation that the Lewiston Police Department was not an approved direct breath testing laboratory. This Court, as well documented in the dissent, tacitly, *sub silentio,* or implicitly relieved the State of that stipulation—notwithstanding that no motion was made requesting that relief. After all, is it not true that such a decision is ordinarily within the discretion of the trial court. *Singleton v. Pichon,* 102 Idaho 588, 635 P.2d 254 (1981). The trial court had no opportunity to rule on the question in this case because the state failed to move for relief from the stipulation. At the barest minimum the trial court should be allowed first crack at the resolution of this issue.

Finally, I object to the denial of rehearing in this case for the same reason I have objected to similar denials in many cases which were heard and decided by the Court in the spring of 1989. Justice Shepard has departed the Court due to his untimely death; Justice Huntley's departure, though not so tragic, is nonetheless just as permanent to the extent that it affects the affairs of this Court. The Court has not seen fit to adopt any procedural rules which would allow the new members to add their voices to the debate concerning the rehearing of cases decided before those new members were sworn. Otherwise put, as I recently observed in *Pacheco v. Safeco,* 117 Idaho 491, 788 P.2d 1314 (1989) neither Justice McDevitt nor Justice Boyle had any say as to granting or denying the petition for rehearing. The result is that there is only a three judge pool from which the requisite two votes for rehearing can be drawn. Such is a hurdle which petitioners should not be required to overcome.